IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NOREELDEEN ABDULKARIM | ) | |
| | ) | |
| v. | ) | NO. 3:15-0040 |
| | ) | |
| METROPOLITAN SHERIFF'S | ) | |
| DEPARTMENT, et al. | ) | |

TO: Honorable John T. Nixon, Senior District Judge

## R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered February 11, 2015 (Docket Entry No. 6), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is a motion (Docket Entry No. 13) filed by the pro se Plaintiff in which he appears to request to appeal the Order and Memorandum entered February 11, 2015 (Docket Entry Nos. 5 and 6), in which the Court reviewed this action pursuant to 28 U.S.C. § 1915A and dismissed certain claims from the action. Although the Plaintiff styles his motion as a motion to appeal and refers to Local Rule 83.05, which provides for the preparation of the designation of the record on appeal after a notice of appeal has been filed, a notice of appeal has not been filed from a final judgment in this action. An order adjudicating claims against fewer than all defendants in a civil action is not a final order subject to immediate appeal under 28 U.S.C. § 1291. See William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir. 1978); Moody v. Kapica, 548 F.2d 133 (6th Cir. 1976). Accordingly, the Court construes the motion as a motion for permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Pursuant to 28 U.S.C. § 1292(b), the Court may certify an interlocutory appeal from an order not otherwise appealable when the Court believes that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The Plaintiff's motion does not involve controlling questions of law, nor would an interlocutory appeal materially advance the ultimate resolution of this action. Accordingly, the Plaintiff's request for an appeal should be denied.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the Plaintiff's motion (Docket Entry No. 13) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    JULIET GRIFFIN
    United States Magistrate Judge