IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NOREELDEEN ABDULKARIM )
)
v. ) NO. 3:15-0040
)
METROPOLITAN SHERIFF'S )
DEPARTMENT, et al. )

TO: Honorable John T. Nixon, Senior District Judge

**R E P O R T  A N D  R E C O M E N D A T I O N**

By Order entered February 11, 2015 (Docket Entry No. 6), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 55) filed by Defendants Daron Hall, Dan Weikal, and Van Modling, to which Plaintiff has made multiple responses. *See* Docket Entry Nos. 64-68, 78, and 80. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

**I. BACKGROUND**

The Plaintiff is an inmate within the custody of the Davidson County Sheriff's Office ("DCSO") who is currently confined at the Davidson County Criminal Justice Center ("CJC") in

Nashville, Tennessee. On January 22, 2015, he filed this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 seeking monetary damages, punitive damages, and a variety of injunctive relief based upon allegations that his constitutional rights have been violated during his confinement within the DCSO. Named as defendants in his Complaint are the Metropolitan Police Department, Davidson County Sheriff Daron Hall, Chaplain Van Molding, "A.B.L. Food," Vernisten Dulin, and Dan Weikal.

Plaintiff's Complaint contained numerous allegations against several correctional officials. However, upon initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff's allegations supported only the following colorable constitutional claims:

1. a claim that his Eighth Amendment rights are being violated because of the manner of food service at the CJC. Plaintiff alleges that he has found roaches and hair in his food, that food trays are wet and dirty, that food is cold and tastes like dish detergent, and that there is not a sufficient amount of food served to inmates;

2. a claim that his Eighth Amendment rights were violated when correctional officers f/n/u Brickman and f/n/u Briggs sexually assaulted him by squeezing his genitalia while searching him;

3. a claim that his First Amendment rights are being violated because Muslim religious services are not provided to inmates at the CJC.

*See* Docket Entry No. 5 at 3-10. The Court also found that the Metropolitan Police Department was not an entity that could be sued under Section 1983 but that Plaintiff's allegations against the Metropolitan Police Department were akin to allegations against the Metropolitan Government of

Nashville and Davidson County ("Metro") and were sufficient to state a colorable claim of municipal liability against Metro. *Id*. at 4-5. All other claims raised by Plaintiff were dismissed.[1]

By Order entered June 17, 2015 (Docket Entry No. 42), the Court deemed a filing made by Plaintiff to be an Amended Complaint (Docket Entry No. 38). The Court found that while several of the allegations in the Amended Complaint failed to state arguable claims, Plaintiff's allegations that he contracted a parasite and a staff infection because of sleeping conditions and that he was not provided with medical attention for these conditions were sufficient to state colorable constitutional claims that were added to this action. *See* Docket Entry No. 42 at 2-3.

In lieu of an answer, Defendants Hall, Molding, and Weikal (hereafter referred to collectively as "Defendants") filed the pending motion to dismiss. Defendants argue that Plaintiff's claims should be dismissed because he has not properly exhausted his claims as required by the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e. Additionally, Defendants assert that individual capacity claims against them have not been properly pled and should nonetheless be dismissed because Plaintiff has not alleged their personal participation in the alleged deprivation of his constitutional rights. Defendants contend that all official capacity claims should be dismissed because Plaintiff has not sufficiently pled a municipal liability claim against Defendant Metro. Finally, Defendants assert that they are entitled to qualified immunity from any damage claims against them. In support of their motion, Defendants rely upon the Declaration of Tom Davis, the DCSO Records Manager, and attached exhibits. *See* Docket Entry No. 57

---

[1] The Court specifically dismissed Plaintiff's claims pertaining to verbal abuse, the failure of CJC officials to respond to grievances, improper ventilation, and housing Plaintiff on "lock down" with other maximum security inmates and Plaintiff's claims for money damages against all Defendants in their official capacities. *See* Docket Entry No. 6 at 2.

By Order entered July 29, 2015 (Docket Entry No. 61), the Court advised the parties that the Court would not exclude the matters outside the pleadings that had been submitted by Defendants in support of their motion and, in accordance with Rule 12(d) of the Federal Rules of Civil Procedure, the Court would treat the motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The Court directed Defendants to file a concise statement of undisputed facts as required by Local Rule 56.01(b) and gave Plaintiff additional time to respond to Defendants' motion and the statement of undisputed facts. Plaintiff was also advised that process for Defendant Dulin was returned unexecuted. Defendants filed their Statement of Undisputed Material Facts (Docket Entry No. 70).

Plaintiff made multiple filings in opposition to Defendants' request that this action be dismissed. *See* Docket Entry Nos. 64-68, 78, and 80. In his filings, he disputes that he failed to file grievances about his claims, he reiterates with detail the allegations set out in his pleadings, and contends that immunity should not be granted to Defendants, and argues that his claims should not be dismissed but should be heard at trial.[2]

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265

---

[2] The Court notes that two of Plaintiff's filings, *see* Docket Entry Nos. 64 and 67, are not signed by Plaintiff and are, thus, technically not in compliance with Rule 11 of the Federal Rules of Civil Procedure. The Court has, nonetheless, considered these filings.

(1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unlike ruling on a motion to dismiss, in considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003).

Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### III. ANALYSIS

The Court finds that Defendants' failure to exhaust defense has merit and warrants dismissal of the action in its entirety as to all claims and Defendants. The PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. *Porter v. Nussle*, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). Although exhaustion is mandatory under the PLRA, the failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must plead. *Jones v. Bock*, 549 U.S. 199, 211-17, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Once the defense of failure to exhaust is raised, a prisoner plaintiff must present evidence to show that he has complied with the requirements of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218 (6th Cir. 2011). To establish exhaustion of administrative remedies, a prisoner plaintiff must show that he presented his

grievance(s) "through one complete round" of the established grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Further, it is well-settled that there is no futility exception to the exhaustion requirement, *Booth*, 532 U.S. at 741 n.6; *Napier*, 636 F.3d at 222, and a prisoner plaintiff cannot abandon the grievance process.

Defendants have set forth evidence that Davidson County Sheriff's Office Policy No. 1-3.540 has a grievance system that is available to inmates within the custody of the DCSO. *See* Declaration of Davis (Docket Entry No. 57), at ¶ 3. Defendants also set forth evidence that Plaintiff filed one grievance on October 3, 2014, regarding not receiving medical care for an itching illness, and four grievances on December 22 and 31, 2014, and January 14 and 15, 2015, respectively, regarding the nutritional content of his meals. *Id*. at ¶¶ 6-10, but that Plaintiff did not appeal the results of these grievances to the next step of the grievance process.[3] Defendants also set forth evidence that there is no record that Plaintiff filed any grievances against Defendants Hall, Weikal, or Van Modling or any grievances related to food safety or insects, instances of sexual misconduct by prison staff, improper bedding, or the absence of Muslim religious services. *Id*. at ¶ 11.

It is Plaintiff's burden to rebut Defendants' evidence that shows his failure to exhaust. *See Napier*, *supra*. Further, when a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as Defendant's motion, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence establishing the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S.

---

[3] Mr. Davis states in his Declaration that, although Plaintiff checked the boxes for "appeal" on his grievance forms, there were no prior grievances from which Plaintiff was appealing and his forms were treated as original grievances. *See* Docket Entry No. 57 at ¶¶ 6-10.

at 323–24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir.2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989).

Plaintiff's responses in opposition to Defendants' motion fail to show that he met the PLRA's exhaustion requirement prior to filing his lawsuit. Although Plaintiff states at several points in his various filings that he used the grievance procedure, that he filed grievances that prison officials did not answer, and that he filed grievance appeals, *see* Docket Entry Nos. 64, 66 ,and 67, his responses are unsworn statements that cannot be considered as evidence in his favor, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n.1 (6th Cir. 2010); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991). Factual statements must be submitted in the form of an affidavit which has been sworn to by the affiant, a statement submitted under the penalty of perjury in accordance with 28 U.S.C. § 1746, deposition testimony, and/or answers to discovery requests. Factual statements not in these forms should be disregarded by the Court. *Adickes*, *supra*; *Dole*, *supra*.

In his responses, Plaintiff cites to *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002), for the proposition that "when prison officials do not respond to a prisoner's initial grievance, administrative remedies are exhausted." *See* Docket Entry No. 66. While *Lewis* and, more importantly, *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004), a case from within the 6th Circuit, do hold that administrative remedies may be deemed exhausted or "unavailable" in certain factual circumstances, there must nonetheless be specific and admissible evidence before the Court showing that 1) administrative grievances about the claims at issue were properly filed by the prisoner plaintiff; 2) the grievances were ignored or unanswered by prison officials, and 3) the prisoner plaintiff either was left with no further administrative remedies to pursue or attempted to pursue

8

further remedies but was also thwarted in that pursuit. *Boyd*, 380 F.3d at 996. There is no such evidence before the Court in this action.

Plaintiff has simply not satisfied his burden of establishing through proper evidence that he exhausted the administrative remedies available to him at the CJC with respect to the claims that are before the Court. In such a scenario, the PLRA requires dismissal of the action as to all claims.[4] Because Plaintiff's failure to comply with the PLRA requires dismissal of the action, it is not necessary to address Defendants' alternative arguments for dismissal.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 55) filed by Defendants Daron Hall, Dan Weikal, and Van Modling be GRANTED to the extent that Defendants raise the defense of Plaintiff's failure to exhaust administrative remedies as required by the PLRA and that this action be DISMISSED as to all claims raised by Plaintiff.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.

---

[4] Defendants "ABL Food" and Vernisten Dulin have not been served with process in the action and Plaintiff has not named as defendants the two correctional officers who are alleged to have sexually assaulted him. However, Plaintiff's failure to comply with the PLRA's exhaustion requirement requires dismissal of all of the claims raised by Plaintiff.

*See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge